UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-2775-SVW (KK) | Date: | April 28, 2016 |
|---|---|---|---|
| Title: | *Juan Jesus Perez v. Shawn Hatton* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed Based Upon Untimeliness and <u>Lackawanna Cty. Dist. Attorney v. Coss</u>

## I.
## INTRODUCTION

Petitioner has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254.  However, the Petition appears subject to dismissal based upon: (1) untimeliness; and (2) <u>Lackawanna Cty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).  The Court thus orders Petitioner to show cause why this action should not be dismissed by **May 19, 2016**.

## II.
## BACKGROUND

A.  STATE COURT PROCEEDINGS

On April 15, 1997, after a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of second degree robbery with use of a firearm.  ECF Docket No. ("Dkt.") 1, Pet.

On July 25, 1997, Petitioner was sentenced to a twenty-eight year term of imprisonment, plus five years for a "prison prior." Id. at 1, 23.[1]

On June 8, 1998, Petitioner appealed his conviction in the California Court of Appeal. See California Courts, Appellate Courts Case Information, Docket (Apr. 28, 2016, 10:13 AM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1053465&doc_no=B114918. On March 18, 1999, the California Court of Appeal affirmed Petitioner's conviction. See id.

Without specifying any date or case number, Petitioner claims he filed a petition for review in the California Supreme Court and the petition was denied. Dkt. 1, Pet. at 3. However, the Court's review of the California Courts website revealed no information about Petitioner's purported petition for review in the California Supreme Court.

In June 2015, Petitioner filed a habeas petition in the Los Angeles County Superior Court. Id. at 3. On August 20, 2015, the Los Angeles County Superior Court denied the petition. Id. at 28-29.

On October 19, 2015, Petitioner filed a habeas petition in the California Court of Appeal. Id. at 4, 32. On November 13, 2015, the California Court of Appeal denied the petition. Id.

On January 13, 2016, Petitioner filed a habeas petition in the California Supreme Court. Id. at 4; See California Courts, Appellate Courts Case Information, Docket (Apr. 28, 2016, 10:14 AM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2130561&doc_no=S231800. On March 30, 2016, the California Supreme Court denied the petition. Dkt. 1, Pet. at 34.

B.   FEDERAL HABEAS PROCEEDINGS

On April 17, 2016, Petitioner constructively filed[2] the instant Petition challenging his 1997 conviction and sentence. Id. at 8. Specifically, Petitioner argues "Petitioner suffered an illegal sentence on two strike priors" because "both strike priors occurred during the same set of operative facts." E.g., id. at 5.
///
///

---

[1] The Court refers to Petitioner's papers as if he consecutively paginated them.

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on April 17, 2016. Dkt. 1, Pet. at 8. Thus, the Court deems April 1, 2016 the Petition's filing date.

# III.
# DISCUSSION

### A.   THE PETITION IS UNTIMELY

Petitioner filed this action after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Dkt. 1, Pet. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008).[3]

Here, Petitioner appealed his conviction to the California Court of Appeal, but the Court's review of the California Courts website reveals Petitioner did not properly file a petition for review in the California Supreme Court.[4] Accordingly, Petitioner's conviction became final on April 27, 1999, i.e., forty days after the California Court of Appeal affirmed Petitioner's conviction on May 18, 1999. See Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, May 19, 1999, and expired on May 19, 2000. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not constructively file this action until April 17, 2016. See Dkt. 1, Pet. Therefore, the Court deems this action untimely by over fifteen years and ten months, absent tolling. See Thompson, 681 F.3d at 1093.

### (1)   STATUTORY TOLLING DOES NOT RENDER THE PETITIONER TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However,

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a)

[4] Although Petitioner states he filed a petition for review in the California Supreme Court, he fails to provide the date he filed the petition, the date it was denied, the petition's case number, or any other information about the petition. After searching for the petition for review on the California Courts website, the Court found no information. The lack of such information precludes the Court from accounting for the petition for review in the AEDPA limitations period. To the extent Petitioner wishes to provide the necessary information about the petition for review, he may submit it as stated in Section IV of this Order.

Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on May 19, 1999. See 28 U.S.C. § 2244(d)(1). Following the commencement of the limitations period, Petitioner filed subsequent state court actions seeking post-conviction or other collateral review on an unspecified date in June 2015, October 19, 2015, and January 13, 2016. See 28 U.S.C. § 2244(d)(2). However, the limitations period had expired on May 19, 2000, at least a fifteen years before Petitioner filed any of those state habeas petitions. See id. Section 2244(d)(2) does not permit reinitiation of the limitations period. See Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely. See id.

### (2) EQUITABLE TOLLING DOES NOT RENDER THE PETITIONER TIMELY

In addition to the statutory tolling provided by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. See Bills, 628 F.3d at 1097.

### B. LACKAWANNA BARS THE PETITION

The United States Supreme Court has held:

> Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, 532 U.S. at 403-04 (internal citations omitted).

However, an exception to the foregoing rule applies "when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior

conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404.  In addition, the plurality in Lackawanna suggested another exception to the foregoing rule where a petitioner obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 405.  Further, the Ninth Circuit recognized an exception to the Lackawanna rule where state courts had "'without justification, refuse[d] to rule on a constitutional claim that has been properly presented' to them." Dubrin v. California, 720 F.3d 1095, 1099 (9th Cir. 2013).

Here, because Petitioner challenges the use of a prior conviction to enhance his 1997 sentence, Lackawanna precludes relief.  See Dkt. 1, Pet.  Petitioner fails to allege any the exceptions to Lackawanna apply and the Court has found no basis to except the Petition from Lackawanna.  See Lackawanna, 532 U.S. at 404-05; Dubrin, 720 F.3d at 1099.  Thus, Lackawanna bars the Petition.

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, this action appears subject to dismissal.  Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response no later than **May 19, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice based upon untimeliness, Lackawanna Cty. Dist. Attorney v. Coss, and failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**